**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVE CROTTEAU, Individually and on Behalf of All Others Similarly Situated, | ) No. <br> ) <br> ) <br> ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE FEDERAL** |
| v. | ) **SECURITIES LAWS** |
| | ) |
| ADDUS HOMECARE CORPORATION, MARK S. HEANEY, FRANCIS J. LEONARD, MARK L. FIRST, SIMON A. BACHLEDA, W. ANDREW WRIGHT, III, STEVEN I. GERINGER, ROBERT W. BAIRD & CO. INCORPORATED, OPPENHEIMER & CO. INC., and STEPHENS INC., | ) <br> ) <br> ) <br> ) <br> ) <br> ) **DEMAND FOR JURY TRIAL** <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

Plaintiff, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Addus HomeCare Corporation ("Addus" or the "Company") with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Addus; and (c) review of other publicly available information concerning Addus.

## SUMMARY

1.     This is a class action on behalf of persons and/or entities who purchased or otherwise

acquired the common stock of Addus pursuant and/or traceable to the Company's false and/or misleading Registration Statement and Prospectus (collectively, the "Registration Statement") issued in connection with the Company's October 27, 2009, initial public offering (the "IPO" or the "Offering"), seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

2.      Addus is a comprehensive provider of a broad range of social and medical services in the home.  Addus' services include personal care and assistance with activities of daily living, skilled nursing and rehabilitative therapies, and adult day care.  Addus' consumers are individuals with special needs who are at risk of hospitalization or institutionalization, such as the elderly, chronically ill and disabled.  Addus' payor clients include federal, state and local governmental agencies, the Veterans Health Administration, commercial insurers and private individuals

3.      On October 27, 2009, the Company priced its IPO of the sale of 5.4 million shares of common stock at $10.00 per share, which was completed on or around November 2, 2009, and conducted pursuant to the Registration Statement.  The proceeds from the Offering were to be used, among other things, to repay amounts outstanding under the Company's prior credit facility.

4.      On March 18, 2010, after the market closed, the Company reported its financial results for the 2009 fiscal fourth quarter and year ending December 31, 2009, and reported a net loss of $3.7 million, or a loss of $0.48 per share for the fourth quarter.  The Company indicated that Addus had to increase its bad debt reserve levels by $1.5 million and that during the fourth quarter the Company's Home Health revenues were short of internal forecasts due to a slowdown in admissions from the Company's Integrated Services program due to the State of Illinois' effort to develop new procedures for integrating care.

5.      The following day, shares of the Company's stock declined $2.60 per share, or

29.21%, to close at $6.30 per share on March 19, 2010.  This closing price on Addus represented a cumulative loss of $3.70, or 37%, of the value of the Company's shares at the IPO price of $10.00 per share, just months earlier.

6.      The Registration Statement was materially false and misleading and/or omitted to state the following: (1) that the Company's accounts receivables included at least $1.5 million in aging receivables that should have been reserved for; and (2) that the Company's Home Health revenues were falling short of internal forecasts due to a slowdown in admissions from the Company's Integrated Services program due to the State of Illinois' effort to develop new procedures for integrating care.

### JURISDICTION AND VENUE

7.      The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o).

8.      This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act (15 U.S.C. § 77v).

9.      Venue is proper in this Judicial District pursuant to Section 22 of the Securities Act. Many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District. Additionally, Addus' principal executive offices are located within this Judicial District.

10.     In connection with the acts alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

3

## PARTIES

11.     Plaintiff Steve Crotteau, as set forth in the accompanying certification, incorporated by reference herein, purchased Addus securities pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO and has been damaged thereby.

12.     Defendant Addus is a Delaware corporation with its principal executive offices located at 2401 South Plum Grove Road, Palatine Illinois 60067.

13.     Defendant Mark S. Heaney ("Heaney") was, at all relevant times, President, Chairman of the Board and Chief Executive Officer ("CEO") of Addus and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

14.     Defendant Francis J. Leonard ("Leonard") was, at all relevant times, Chief Financial Officer, Vice President and Secretary of Addus and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

15.     Defendant Mark L. First ("First") was, at all relevant times, a Director of Addus and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

16.     Defendant Simon A. Bachleda ("Bachleda") was, at all relevant times, a Director of Addus and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

17.     Defendant W. Andrew Wright, III ("Wright") was, at all relevant times, a Director of Addus and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

18.     Defendant Steven I. Geringer ("Geringer") was, at all relevant times, a Director of Addus and signed or authorized the signing of the Company's Registration Statement filed with the

4

SEC.

19.     Defendants Heaney, Leonard, First, Bachleda, Wright, and Geringer, are collectively referred to hereinafter as the "Individual Defendants."

20.     Defendant Robert W. Baird & Co. Incorporated ("Baird") is an international wealth management, capital markets, private equity and asset management firm, and served as an underwriter to Addus in connection with the Offering.

21.     Defendant Oppenheimer & Co. Inc. ("Oppenheimer") is investment bank and full service investment firm that provides financial services and advice to high net worth investors, individuals, businesses and institutions, and served as an underwriter to Addus in connection with the Offering.

22.     Defendant Stephens Inc. ("Stephens") is a full service, independent financial services firm offering investment banking, wealth management and insurance brokerage services, and served as an underwriter to Addus in connection with the Offering.

23.     Defendants Baird, Oppenheimer, and Stephens, are collectively referred to hereinafter as the "Underwriter Defendants."  The Underwriter Defendants received underwriting fees of over $3.7 million for their participation in the IPO.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Addus securities pursuant and/or traceable to the Registration Statement issued in connection with the Company's October  27, 2009, IPO, and who were damaged thereby (the "Class").  Excluded from the Class are Defendants, the officers and directors of the Company, at all

5

relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

25.    The members of the Class are so numerous that joinder of all members is impracticable.  During the relevant period, Addus securities were actively traded on the National Association of Securities Dealers Automated Quotations Market ("NASDAQ").  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Addus or, its transfer agent, and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

26.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

27.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

28.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)    whether the Securities Act was violated by Defendants' acts as alleged herein;

(b)    whether statements made by Defendants to the investing public in connection with the Company's IPO omitted and/or misrepresented material facts about the business, operations, and prospects of Addus; and

6

(c)      to what extent the members of the Class have sustained damages and the proper measure of damages.

29.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## BACKGROUND

30.      Addus is a comprehensive provider of a broad range of social and medical services in the home.  Addus' services include personal care and assistance with activities of daily living, skilled nursing and rehabilitative therapies, and adult day care.  Addus' consumers are individuals with special needs who are at risk of hospitalization or institutionalization, such as the elderly, chronically ill and disabled.  Addus' payor clients include federal, state and local governmental agencies, the Veterans Health Administration, commercial insurers and private individuals.

## ADDUS' FALSE AND DEFECTIVE REGISTRATION STATEMENT AND PROSPECTUS

31.      On or about October 19, 2009, Addus filed with the SEC a Form S-1/A for the IPO (the "IPO Registration Statement").

32.      On October 27, 2009, the Company issued a press release entitled, "Addus HomeCare Corporation Prices Initial Public Offering."  Therein, the Company, in relevant part, stated:

PALATINE, Ill., Oct 27, 2009 /PRNewswire-FirstCall via COMTEX/ -- Addus HomeCare Corporation announced today that it has priced the initial public offering of 5,400,000 shares of its common stock at $10.00 per share. Addus shares will begin trading on October 28, 2009 on the Nasdaq Global Market under the ticker symbol

7

"ADUS". The closing of the offering is scheduled to take place on November 2, 2009. Addus expects to receive net proceeds from the offering, after deducting the underwriting discount, of approximately $50.2 million.

33.     On or around October 29, 2009, filed with the SEC its Prospectus (the "IPO Prospectus"), which forms part of the IPO Registration Statement that was declared effective on October 27, 2009, and at least 5.4 million shares of Addus common stock were sold to the public at $10.00 per share, raising net proceeds in excess of $50 million for the Company.

34.     The IPO Registration Statement and IPO Prospectus were negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation.

35.     Under applicable SEC rules and regulations, the Registration Statement was required to disclose known trends, events or uncertainties that were having, and were reasonably likely to have, an impact on the Company's continuing operations.

36.     The IPO Registration Statement and IPO Prospectus represented that the allowance for doubtful accounts was $3,443,000 as of June 30, 2009, and made the following representation:

**Accounts Receivable and Allowance for Doubtful Accounts**

We are paid for our services primarily by state and local agencies under Medicaid or Medicaid waiver programs, Medicare, commercial insurance companies and private individuals. While our accounts receivable are uncollateralized, our credit risk is limited due to the significance of Medicare and state agency payors to our results of operations. Laws and regulations governing the Medicaid and Medicare programs are complex and subject to interpretation. ***Amounts collected may be different than amounts billed due to client eligibility issues, insufficient or incomplete documentation, services at levels other than authorized and other reasons unrelated to credit risk. We establish our allowance for doubtful accounts to the extent it is probable that a portion or all of a particular account will not be collected.*** Our provision for doubtful accounts is estimated and recorded primarily by

aging receivables utilizing eight aging categories and applying our historical collection rates to each aging category, taking into consideration factors that might impact the use of historical collection rates or payor groups, with certain large payors analyzed separately from other payor groups. ***In our evaluation of these estimates, we also consider*** delays in payment trends in individual states due to budget or funding issues, ***billing conversions related to acquisitions or internal systems, resubmission of bills with required documentation and disputes with specific payors, which historically have been insignificant . . . .***

(Emphasis added).

37. The IPO Registration Statement and IPO Prospectus were materially false and misleading and/or omitted to state the following: (1) that the Company's accounts receivables included at least $1.5 million in aging receivables that should have been reserved for; and (2) that the Company's Home Health revenues were falling short of internal forecasts due to a slowdown in admissions from the Company's Integrated Services program due to the State of Illinois' effort to develop new procedures for integrating care.

38. On March 18, 2009, the Company issued a press release entitled, "Addus HomeCare Reports Fourth Quarter 2009 Results." Therein, the Company, in relevant part, stated:

**Fourth Quarter Highlights**

- Total net service revenues increased 4.7% to $65.7 million

- Home & Community segment revenues increased 6.5% to $53.7 million

- Home Health segment revenues decreased 2.4% to $12.0 million

- Net loss was $3.7 million, or a loss of $0.48 per share, including $3.8 million ($2.4 million, net of tax) one-time expenses related to the IPO

Addus HomeCare Corporation (Nasdaq:ADUS), a comprehensive provider of home-based social and medical services, announced today its financial results for the fourth quarter and year ended December 31, 2009.

Total net service revenues for the fourth quarter 2009 were $65.7 million, a 4.7% increase compared to $62.7 million in the prior year quarter.

9

Financial results in the fourth quarter included $3.8 million ($2.4 million net of tax) in one-time charges associated with the Company's IPO completed in early November.  These charges include $1.2 million related to the separation agreement for the Company's former Chairman, approximately $1.8 million in deemed interest expense for an additional contingent payout related to the 2006 acquisition of Addus, and a separate $0.8 million charge due to the write-off of unamortized debt issuance costs associated with the termination of the Company's previous credit facility, the latter two were recorded as interest expense.

Adjusted earnings before interest, taxes, depreciation, amortization, and stock based compensation ("Adjusted EBITDA") for the fourth quarter 2009 was $2.1 million, compared to $4.9 million in the prior year quarter.  Adjusted EBITDA includes a $1.2 million IPO related charge for the separation agreement with Addus' former Chairman.

The Company reported a net loss of $3.7 million, or a loss of $0.48 per share based on 7.7 million diluted shares outstanding, in the fourth quarter of 2009, compared to a net loss of $0.1 million, or a loss of $0.06 per share based on 1.1 million diluted shares outstanding, in the prior year period.  Excluding one-time items and preferred stock dividends, net income in the fourth quarter of 2009 was $0.6 million, or $0.07 per share based on 7.7 million diluted shares outstanding, compared to $1.1 million, or $1.07 per share based on 1.0 million diluted shares outstanding, in the prior year period.

Mark Heaney, President and Chief Executive Officer, stated, "Our Home & Community segment, which represents about 82% of our business, achieved revenue growth of 6.5% in the fourth quarter and improved gross profit margins compared to the year ago period. ***Nevertheless, our overall results for the quarter were negatively impacted by certain factors.  We are in the process of centralizing and enhancing controls to our accounts receivable processes. As a result of this process and a deterioration in aging in some of our accounts receivable in the fourth quarter, we have increased our historical bad debt reserve levels by taking an additional $1.5 million reserve in the fourth quarter. We believe our centralized system and enhanced processes will increase the effectiveness of our collections."***

***He continued, "Our fourth quarter results were also impacted by Home Health revenues falling short of our internal forecasts, largely due to a slowdown in admissions from our Integrated Services program. The referrals shortfall resulted from the State of Illinois' effort to develop new procedures for integrating care. As we implement our new procedures, and as the State further embraces the integrated model, we are seeing our integrated care referrals return to historical levels of consistent and steady growth."***

(Emphasis added).

    39.      On this news, shares of the Company's stock declined $2.60 per share, or 29.21%, to

close at $6.30 per share on March 19, 2010.  This closing price of Addus represented a cumulative

loss of $3.70, approximately 37%, of the value of the Company's shares at the time of its IPO just

months earlier.

**FIRST CLAIM**
**Violation of Section 11 of**
**The Securities Act Against All Defendants**

40.     Plaintiff repeats and realleges each and every allegation contained above, except any

allegation of fraud, recklessness or intentional misconduct.

41.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k,

on behalf of the Class, against all defendants.

42.     The Registration Statement for the IPO was inaccurate and misleading, contained

untrue statements of material facts, omitted to state other facts necessary to make the statements

made not misleading, and omitted to state material facts required to be stated therein.

43.     Addus is the registrant for the IPO. The defendants named herein were responsible for

the contents and dissemination of the Registration Statement.

44.     As issuer of the shares, Addus is strictly liable to plaintiff and the Class for the

misstatements and omissions.

45.     None of the defendants named herein made a reasonable investigation or possessed

reasonable grounds for the belief that the statements contained in the Registration Statement were

true and without omissions of any material facts and were not misleading.

46.     By reasons of the conduct herein alleged, each defendant violated, and/or controlled a

person who violated Section 11 of the Securities Act.

47.     Plaintiff acquired Addus shares pursuant and/or traceable to the Registration

11

Statement for the IPO.

48.     Plaintiff and the Class have sustained damages.  The value of Addus common stock has declined substantially subsequent to and due to defendants' violations.

**SECOND CLAIM**
**Violation of Section 15 of**
**The Securities Act Against the Individual Defendants**

49.     Plaintiff repeats and realleges each and every allegation contained above, except any allegation of fraud, recklessness or intentional misconduct.

50.     This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

51.     Individual Defendants, by virtue of their offices, directorship and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Addus within the meaning of Section 15 of the Securities Act. The Individual Defendants had the power and influence and exercised the same to cause Addus to engage in the acts described herein.

52.     Individual Defendants' position made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

53.     By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants'

wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this

action, including counsel fees and expert fees;

(d)    Awarding rescission or a rescissory measure of damages; and

(e)    Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: March 26, 2010

**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP**

 s/ Patrick V. Dahlstrom            .
Patrick V. Dahlstrom
Leigh Handelman Smollar
1 North LaSalle Street, Suite 2225
Chicago, Illinois  60602
Telephone:    (312) 377-1181
Facsimile:    (312) 377-1184

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:    (310) 201-9150
Facsimile:    (310) 201-9160

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone:    (215) 638-4847
Facsimile:    (215) 638-4867

*Attorneys for Plaintiff Steve Crotteau*

13