**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| STEVE CROTTEAU, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | **Civil Action No. 10 C 1937 (VMK)(JC)** |
| -against- | ) ) | |
| ADDUS HOMECARE CORPORATION, MARK S. HEANEY, FRANCIS J. LEONARD, MARK L. FIRST, SIMON A. BACHLEDA, W. ANDREW WRIGHT, III, STEVEN I. GERINGER, ROBERT W. BAIRD & CO. INCORPORATED, OPPENHEIMER & CO. INC., and STEPHENS INC., | ) ) ) ) ) ) ) ) ) | **JOINT INITIAL STATUS REPORT** |
| Defendants. | ) ) | |

Pursuant to the Court's Order dated April 1, 2010, the parties hereby submit their Joint Initial Status Report as follows:

**1.    Attorneys of record for each party:**

For Plaintiff Steve Crotteau:

Lionel Z. Glancy
Michael Goldberg
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:    (310) 201-9150
Facsimile:     (310) 201-9160

Patrick V. Dahlstrom
Leigh Handelman Smollar
POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP
Ten South LaSalle Street, Suite 3505
Chicago, Illinois  60603
Telephone:    (312) 377-1181
Facsimile:     (312) 377-1184

1

For Defendants Addus HomeCare Corp., Mark S. Heaney, Francis J. Leonard, Mark L. First, Simon A. Bachleda, W. Andrew Wright, III, and Steven I. Geringer:

Mary Ellen Hennessy
David F. Benson
Blake M. Mills
Guinevere M. Moore
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60661
Telephone: (312) 902-5331
Facsimile: (312) 577-8977

For Defendants Robert W. Baird & Co., Inc., Oppenheimer & Co., Inc., and Stephens, Inc.:

Christopher J. Barber
Peter J. Meyer
Joshua D. Burns
Joshua Wiersma
STEPTOE & JOHNSON LLP
115 S. LaSalle Street, Suite 3100
Chicago, Illinois 60603
Telephone: (312) 577-1300
Facsimile: (312) 577-1370

2. **Basis for Federal Jurisdiction:** The claims asserted in the Complaint are alleged pursuant to Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§ 77k and 77o). Accordingly, the Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act (15 U.S.C. § 77v).

3. **Nature of the Claims Asserted:** This is a putative class action on behalf of persons and/or entities that purchased or otherwise acquired the common stock of Addus HomeCare Corp. pursuant and/or traceable to the Company's Registration Statement and Prospectus (collectively, the "Registration Statement") issued in connection with the Company's October 27, 2009, initial public offering ("IPO"), seeking to pursue remedies under the Securities

Act.  Plaintiff alleges that the Registration Statement contained materially false and/or misleading statements in violation of Section 11 of the Securities Act.

    **4.**    **Name of any party not yet served:**  All defendants have been served.

    **5.**    **Principle legal issues:**    (a) Does plaintiff state a claim pursuant to Section 11 of the Securities Act;  (b) Are any of the defendants control persons subject to liability under Section 15 of the Securities Act; and (c) Do plaintiff and his counsel satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure?.

    **6.**    **Principle factual issues:**    (a) Did the Registration Statement in connection with the IPO contain any material misrepresentations; (b) What is the measure of plaintiff and the Class's damages, if any; (c) Were declines in the price of Addus HomeCare Corp. common stock during the relevant period caused by something other than the alleged material misrepresentations; (d) As regards any part of the Registration Statement not purporting to be made on the authority of an expert, did the defendants other than Addus HomeCare (the "Issuer") have, after reasonable investigation, reasonable ground to believe and did they believe, at the time the Registration Statement became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading; (e) As regards any part of the Registration Statement purporting to be made upon the authority of an expert, did the non-Issuer defendants have any reasonable grounds to believe and did they believe, at the time the Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading; and (f) Are forward-looking statements in the Registration Statements protected under the bespeaks caution doctrine and applicable safe harbors?

7.     **Whether a jury trial is expected by either party:**  Yes, plaintiff has filed his Complaint with a jury demand, and the parties expect a trial by jury.

8.     **Discovery undertaken to date:**     Discovery is currently stayed pursuant to Section 27(b) of the Securities Act.

9.     **Earliest date parties will be ready for trial:**     Due to anticipated motions to dismiss and for class certification, the parties cannot reasonably proffer a date by which the case will be ready for trial.

10.    **Whether the parties unanimously consent to proceed before the Magistrate Judge:**  No.

11.    **Status of settlement discussions/whether the parties request a settlement conference:**   There have not been any settlement discussions, and the parties do not request a settlement conference at this time.

12.    **Proposed Scheduling Order:**     The parties submit the following proposed Scheduling Order to govern the filing of an Amended Complaint and the briefing of Motions to Dismiss:

a.     Lead Plaintiff shall file an Amended Complaint within sixty (60) days of the Court entering an order appointing Lead Plaintiff.

b.     Defendants shall file any Motions to Dismiss within sixty (60) days of Lead Plaintiff filing an Amended Complaint.

c.     Lead Plaintiff shall file any response to defendants' Motions to Dismiss within sixty (60) days of defendants filing their Motions to Dismiss.

d.     Defendants shall file any reply to Lead Plaintiff's response to defendants' Motions to Dismiss within thirty (30) days of Lead Plaintiff filing its response.

    e. Any defendant that chooses to file a Motion to Dismiss shall not be required to serve and file an Answer until the Court has ruled on that defendant's Motion to Dismiss.

Dated: May 21, 2010
   Chicago, Illinois

        **POMERANTZ HAUDEK BLOCK**
        **GROSSMAN & GROSS LLP**

         s/Patrick V. Dahlstrom   .
        Patrick V. Dahlstrom
        Leigh Handelman Smollar
        Ten South LaSalle Street
        Suite 3505
        Chicago, Illinois 60603
        Telephone: (312) 377-1181
        Facsimile: (312) 377-1184

        **GLANCY BINKOW & GOLDBERG LLP**
        Lionel Z. Glancy
        Michael Goldberg
        1801 Avenue of the Stars, Suite 311
        Los Angeles, California 90067
        Telephone: (310) 201-9150
        Facsimile: (310) 201-9160

        *Attorneys for Steve Crotteau*

**KATTEN MUCHIN ROSENMAN LLP**

   s/Mary Ellen Hennessy
Mary Ellen Hennessy
David F. Benson
Blake M. Mills
Guinevere M. Moore
525 West Monroe Street
Chicago, Illinois 60661
Telephone: (312) 902-5331
Facsimile: (312) 577-8977

*Attorneys for Addus Homecare Corporation, Mark S. Heaney, Francis J. Leonard, Mark L. First, Simon A. Bachleda, W. Andrew Wright, III and Steven I. Geringer*

**STEPTOE & JOHNSON LLP**

   s/Peter J. Meyer
Christopher J. Barber
Peter J. Meyer
Joshua D. Burns
Joshua Wiersma
115 S. LaSalle Street
Suite 3100
Chicago, Illinois 60603
Telephone: (312) 577-1300
Facsimile: (312) 577-1370

*Attorneys for Robert W. Baird & Co., Inc., Oppenheimer & Co., Inc. and Stephens, Inc.*