**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVE CROTTEAU, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ADDUS HOMECARE CORPORATION, MARK S. HEANEY, FRANCIS J. LEONARD, MARK L. FIRST, SIMON A. BACHLEDA, W. ANDREW WRIGHT, III, STEVEN I. GERINGER, ROBERT W. BAIRD & CO. INCORPORATED, OPPENHEIMER & CO. INC., and STEPHENS INC., <br><br> Defendants. | Civil Action No. 10 C 1937 (VMK)(JC) <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF LAW IN SUPPORT OF KERMIT STUMBO'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |

Kermit Stumbo ("Movant") respectfully submits this memorandum of law in support of his motion for (a) Kermit Stumbo's appointment pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") as lead plaintiff in the above-captioned securities fraud class action; and (b) the Court's approval of Movant's selection of lead counsel for the proposed Class.

## I.    FACTUAL BACKGROUND

This is a securities class action on behalf of all persons or entities who purchased or otherwise acquired the common stock of Addus Homecare Corporation ("Addus" or the "Company") pursuant and/or traceable to the Company's false and/or misleading Registration Statement and Prospectus (collectively, the "Registration Statement") issued in connection with the Company's October 27, 2009, initial public offering (the "IPO" or the "Offering"), seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

1

Addus provides of a broad range of in-home social and medical services, including personal care, assistance with daily living activities, skilled nursing and rehabilitative therapies, and adult day care. Addus' consumers are individuals at risk for hospitalization or institutionalization, such as the elderly, chronically ill and disabled. Addus' payor clients include federal, state and local governmental agencies, the Veterans Health Administration, commercial insurers and private individuals.

On October 27, 2009, the Company priced its IPO of the sale of 5.4 million shares of common stock at $10.00 per share, which was completed on or around November 2, 2009, and conducted pursuant to the Registration Statement. The proceeds from the Offering were to be used, among other things, to repay amounts outstanding under the Company's prior credit facility.

The Complaint in this action alleges that the Registration Statement was materially false and misleading and/or omitted to state the following: (1) that the Company's accounts receivables included at least $1.5 million in aging receivables that should have been reserved for; and (2) that the Company's Home Health revenues were falling short of internal forecasts due to a slowdown in admissions from the Company's Integrated Services program due to the State of Illinois' effort to develop new procedures for integrating care.

On March 18, 2010, after the market closed, Addus reported its financial results for the fiscal fourth quarter and year ended December 31, 2009, and reported a net loss of $3.7 million, or a loss of $0.48 per share for the fourth quarter. The Company indicated that Addus had to increase its bad debt reserve levels by $1.5 million, and that during the fourth quarter the Company's Home Health revenues were short of internal forecasts due to a slowdown in admissions from the Company's Integrated Services program due to the State of Illinois' effort to

develop new procedures for integrating care.

The following day, shares of the Company's stock declined $2.60 per share, or 29.21%, to close on March 19, 2010 at $6.30 per share, representing a cumulative loss of $3.70, or 37%, of the value of the Company's shares at the IPO price of $10.00 per share, only months earlier.

## II.     PROCEDURAL HISTORY

Plaintiff Steve Crotteau commenced the above-captioned action on March 26, 2010, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on B*usiness Wire,* a widely circulated national business-oriented wire service. *See* Dahlstrom Dec., Exhibit A. Movant files this motion pursuant to the *Crotteau* complaint and notice of pendency, and prior to expiration of the 60-day period from publication of the March 26, 2010 notice.

## III.    ARGUMENT

### A.     Kermit Stumbo Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 77z-1(a)(3)(B).  The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

(aa)  has either filed the complaint or made a motion in response to a notice. . . ;

(bb)   in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

3

15 U.S.C. § 77z-1(a)(3)(B)(iii).

As set forth below, Kermit Stumbo satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff for the Class.

### 1.  Movant Is Timely Filing This Motion in Response to a Notice

On March 26, 20109, pursuant to §27D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Steve Crotteau published a notice of the pendency of plaintiff's case on *Business Wire* announcing that a securities class action had been filed against defendants herein, and advising purchasers of Addus securities that they had until May 25, 2010, to file a motion to be appointed as lead plaintiff.  *See* Dahlstrom Dec., Exhibit A.

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Movant has timely moved this Court to be appointed lead plaintiff on behalf of all plaintiffs and putative class members in the Action and any other actions deemed related by this Court, and submits herewith his sworn Certification attesting that Movant is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary.  *See* Dahlstrom Dec., Exhibit B**.**  Movant therefore satisfies the requirement of either filing a complaint or making a timely motion in response to a published notice.

### 2.  Movant Has The Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii).  During the relevant period in this action, Movant purchased in excess of 31,000 shares of Addus at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as result,

Movant has suffered financial losses of $39,075.87.   Dahlstrom Dec., Exhibit C.   Movant believes that he has the largest known financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff."   *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

### 3.  Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites for class certification, only two – typicality and adequacy – directly address the personal characteristics of the proposed class representative.   *See Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005) (Castillo, J.)   Consequently, in deciding a motion for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy requirements of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.   *See Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 at *6 (N.D. Ill. Aug, 11, 1997), *accord, Taubenfeld v. Career Education Corp.*, 2004 WL 554810 *2 (N.D. Ill. Mar. 19, 2004).

### a.     Movant's Claims Are Typical

Movant shares substantially the same questions of law and fact with other purchasers of Addus securities, *i.e.,* whether the Registration Statement issued in connection with the Company's initial public offering contained any material false and/or misleading statements in violation the Securities Act.  Movant purchased Addus securities at prices that were artificially inflated, as did all other persons and entities who acquired Addus securities pursuant and/or traceable to the Registration Statement, and Movant, like all Class members, was damaged thereby.  See *Takara, supra,* 229 F.R.D. at 580.

Thus, Movant's interests are closely aligned with other Class members and they are, therefore, typical of the Class.

### b.     Movant Will Fairly And Adequately Represent The Class

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> [T]he plaintiff must demonstrate that (1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) he is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.

*Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228-229 (N.D.Ill. 2002).

Courts have held that the "adequacy" of a class representative under Rule 23 requires that (i) plaintiff's attorney is qualified experienced and generally able to conduct the litigation and (ii) plaintiff does not have any interests antagonistic to the class. *Takara, supra,* 249 F.R.D. 577, 580; *In re Bally Total Fitness Sec. Litig.*, 2005 WL 627960 *5, 6 (N.D. Ill. Mar. 15, 2005).

Movant is not aware of any unique defenses that would render him inadequate to represent other purchasers of Addus securities.  Moreover, Movant has demonstrated his commitment to protecting the Class members' interests by signing a sworn Certification stating his willingness to serve as class representative and provide deposition and trial testimony, if necessary. *See* Dahlstrom Dec., Exhibit B. Movant has communicated with and selected experienced and competent counsel, who will provide the highest quality representation of the Class' interests. *See* Dahlstrom Dec., Exhibits D and E (firm résumés). Accordingly, Kermit Stumbo should be appointed lead plaintiff for the Class.

### 4.  Movant Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Kermit Stumbo as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §77z-1(a)(3)(b)(iii)(I).

As discussed above, Movant suffered substantial losses – in excess of $39,000 – as a result of his purchases of Addus securities, and to the best of his knowledge believes that he has the largest financial interest in this case of any movant who timely filed for appointment as lead plaintiff.  Movant has timely filed this motion for appointment as lead plaintiff and has submitted a sworn Certification stating that he has reviewed the complaint and is willing to serve as representative of the Class and willing to provide testimony as trial, if necessary.  Movant is not aware of any antagonism between his claims and those of the Class, or of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. In addition, Movant has retained qualified and experienced counsel who are able to vigorously

represent him and the Class.  Accordingly, Kermit Stumbo is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class.

### C.   The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court.  *See* § 15 U.S.C. §77z-1(a)(3)(B)(v).  Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class."  15 U.S.C. §77z-1 (a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh*, 306 F.3d at 733.  In the present case, Movant has retained Glancy Binkow & Goldberg LLP as lead Counsel to pursue this litigation on his behalf, and will retain this firm as plaintiff's lead counsel, with Pomerantz Haudek Grossman & Gross LLP as liaison counsel, in the event Movant is appointed lead plaintiff.  Glancy Binkow & Goldberg LLP and Pomerantz Haudek Grossman & Gross LLP possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumés filed concurrently herewith. *See* Dahlstrom Dec., Exhibits D and E.   Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

### IV.   CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) appointing Kermit Stumbo as lead plaintiff, and (b) approving Movant's selection of Glancy Binkow & Goldberg LLP  as lead counsel for the Class, with Pomerantz Haudek Grossman & Gross LLP as liaison counsel, and granting such other relief as the Court may deem just and proper.

Dated:  May 25, 2010

Respectfully submitted,

**POMERANTZ HAUDEK
GROSSMAN & GROSS LLP**

 *s/ Patrick V. Dahlstrom*           .
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois  60603
Telephone:     (312) 377-1181
Facsimile:     (312) 377-1184

*Proposed Liaison Counsel*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:     (310) 201-9150
Facsimile:     (310) 201-9160

*Attorneys for Movant and Proposed Lead Counsel*